EMMA DONLEY, EXECUTRIX, v. JAMES M. WIGGINS, ADMINISTRATOR.

1. PRACTICE—MOTION FOR NEW TRIAL.—An affidavit made by a party to the suit to the existence of facts in support of a motion for a new trial, will not be regarded when, under the statute, the party could not be a competent witness if the new trial should be granted.

2. DAMAGES—SHERIFF.—In a proceeding against a sheriff on his official bond for failing to pay over money collected, the penalty of ten per

cent. per month, will not be allowed when, without any excuse for the delay, several terms of the court are allowed to pass before proceedings against the officer are instituted.

3. AFFIRMED.—Scogins *v*. Perry, 46 Tex., 113, affirmed.

4. DEMAND.—See opinion for facts held to constitute a sufficient demand for the payment of money collected by a sheriff.

APPEAL from Cherokee. Tried below before the Hon. R. S. Walker.

This was a proceeding originally begun by the administrator of the estate of Frank M. Taylor against William P. Long, former sheriff, and his securities, on the 15th July, 1867. The suit was for clerk's costs collected and not accounted for between August, 1858, and August, 1860. The opinion states all the material facts.

*Willson & Bonner*, for appellant.

*E. W. Bush*, for appellee.

MABRY, SPECIAL JUDGE.*—This is a suit brought by James M. Wiggins, as the administrator of the estate of F. M. Taylor, deceased, to recover of W. T. Long, as sheriff, and the sureties on his official bond, money alleged to have been collected by said sheriff under executions, which he failed to pay on demand. The statement of facts is quite meagre, and the assignment of errors is general, and does not point out specifically the errors complained of. The case was tried by the court below, a jury having been waived, and a judgment rendered for the plaintiff for the sum of $1,224.28. There is no error assigned as to the amount of the judgment, but appellant assigns as error the judgment for the plaintiff. It is a well-established rule, that this court will not disturb the judgment of a lower court unless it is clearly apparent that the judgment was ren-

* Chief Justice MOORE and Associate Justice BONNER were disqualified and did not sit in this case. Hon. GEORGE W. CHILTON was a member of the Special Court that decided the case.

dered without sufficient evidence, or is manifestly against the weight of evidence. In this case proof was made, without objection, that the defendant Long, as sheriff, collected numerous bills of cost that were due to plaintiff's intestate (F. M. Taylor; he was clerk of the District Court) under and by virtue of divers executions which had been placed in his hands. There is no positive proof that any of the several amounts were ever paid over or accounted for. There is evidence of an attempted settlement, but which was never completed. This took place a short time before Taylor left the country, and he never returned, but died in the winter of 1861, having left in June, 1861. It is also in evidence that plaintiff, as the agent of Taylor, had been, prior to October, 1861, instructed by Taylor several times to sue or rule Long on his official bond as sheriff for fees alleged to be due from Long; that about the 1st of October, 1861, plaintiff made a demand on Long for the payment of the sums alleged to be due, exhibiting to Long a list of the claims, and that Long did not deny the correctness of the list, except as to a few of the items, but promised that he would, after his return from Huntsville, "promptly attend to the matter." There was evidence tending to show that Taylor, after leaving home and while in the army, stated that the accounts between himself and Long had been settled; but we must conclude that the court below adjudged this evidence to be overborne by the fact that he (Taylor) had written several letters to Wiggins urging the collection of the claims, together with the other facts tending to show an indebtedness. All these facts were submitted to the court below, and deemed by that court sufficient to entitle the plaintiff to a recovery, and this court could not reverse the judgment upon that assignment of error.

The only exception made by defendants to the action of the court below, was to the ruling of the court on defendant's motion for new trial. The affidavit of defendant Long, appended to the motion for new trial, did show that the account between himself and Taylor had been settled. But if a new

trial had been awarded, Taylor being dead, Long would not have been a competent witness in a suit against himself by Taylor's administrator, "unless required to testify by the court, or called to testify by the opposite party." (Paschal's Dig., art. 6827.) The case had just been tried. Neither the court nor the opposite party had called or required him to testify, and the same result would have been likely to follow in another trial. And if this court should reverse and remand the case for a new trial, he is still incompetent as a witness in the case; (Rev. Stats., art. 2248;) for under the new civil code the court cannot "require the witness to testify," as it might have done under the law as it existed at the date of the former trial.

The plaintiff, in his original petition or motion, asks for damages on the amount claimed to be due at the rate of ten per cent. per month from the date of the demand; and he asks this court to reform the judgment and award him damages at said rate. Under the former decisions of our court, we do not think the plaintiff entitled to recover the damages claimed. In the case of Scogins *v.* Perry, 46 Tex., 113, the court say: "Whilst the statute does not prescribe that the motion must be made at or before the term of court next following the demand, it may be questioned whether a party can, at his mere option and without excuse for the delay, allow several terms of court to pass and then claim the heavily accumulated penalty. In providing a prompt remedy, it was scarcely contemplated that it should be used oppressively, or as a means of profit." In that case but twenty months had elapsed after the demand before proceedings were instituted. In this case nearly six years had elapsed since the demand before this action was commenced. If the court decided correctly in the above case, and we are of the opinion that the ruling was correct, with how much greater reason should we apply the rule here. The defendant Long in this case claims to have settled with Taylor, and while we must say there is not, in our opinion, evidence sufficient to sustain his defense,

yet he clearly had a right to test the question at law and have it adjudicated. Then, when it is ascertained by a court of competent jurisdiction that he was indebted in the sum of $1,224.28, more than half of which sum is, no doubt, the interest on the original amount found to be due, this court could, with no propriety, add the ten per cent. per month claimed by plaintiff to that sum.

It is insisted by appellant that no sufficient demand for the money was made on Sheriff Long before the institution of this suit to put Long in default and authorize the institution of the suit. We think that the demand was made. Witness Wiggins stated that he was the agent of Taylor, and that "about the 1st of October, 1861, witness invited Mr. Long into the lumber-room of Wiggins & Martin, in the town of Rusk, and there stated to him that he had been instructed by Mr. Taylor to sue him upon his official bond as sheriff, but that he preferred settling the matter otherwise, and asked him if he was ready to settle—presenting to him the accounts drawn up by H. S. Newland, Taylor's deputy clerk, containing a large number of cases decided in the District Court—the parties stated, the cases numbered, and the amount of clerk's fees opposite to each case. These were called over one by one."

Of this meeting and conversation Sheriff Long also testified, and stated that he promised to settle after his return from Huntsville and Larissa. It is admitted that the cases named in the suit were the ones written on the papers presented as above stated. When Wiggins asked that the claims be "settled" by Long, he surely meant that they should be paid. How else could they be "settled" than by making payment? Accounts are said to be sometimes "settled" by note, but unless a term to denote some other manner of settlement than settlement with cash is used, it would, in the ordinary acceptation of that term, mean payment in money. Then in this case we think a demand that the claims be settled without suit, would be construed to mean a demand of payment.

It being the opinion of the court that there is no apparent error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered December 22, 1879.]