P. H. CLARKE V. PRESIDIO COUNTY.

Decided March 9, 1904.

**County—Suit—Presentation of Claim.**

Suit could be maintained against a county for legal services, though the claim presented to the commissioners court, and only allowed in part, was in the form of a proposal to take, in case of immediate settlement, a less sum than that sued for.

Error from the District Court of Presidio.    Tried below before Hon. A. M. Walthall.

. *P. H. Clarke,* for plaintiff in error.

*J. A. Gillett,* for defendant in error.

FLY ASSOCIATE JUSTICE.—Appellant sued appellee to recover the sum of $729.95 alleged to be due him by appellee for services performed as an attorney at law, and $39.60 expenses arising in connection with such legal services.    An exception was sustained to the first amended petition on the ground that it did not allege that the claim on which the suit was founded was presented to the County Commissioners Court for allowance and that such court had neglected or refused to audit or allow the same or any part thereof, and the court decreed that the appellant take nothing by his suit and appellee recover all costs of suit.

The following allegations appear in the amended petition:

"Plaintiff on the 15th day of August, 1899, duly presented his claim to defendant's commissioners court in writing, now in possession of defendant, for allowance, for compensation for his said services and expenses and expressly in said claim in writing offered and declared himself willing to accept $250 as an immediate compromise satisfaction discharge in law of the reasonable value of his said services, not including his said expenses, on condition, substantially that said sum and said expenses should be paid and allowed to plaintiff then without delay by said court.    But said court, not accepting said proposition of compromise, failed and refused to allow said claim, and with reference thereto passed on said 15th day of August, A. D. 1899, the following order recorded on its minutes book No. 3 on page 590: 'This day the account of P. H. Clarke for $289.60 was presented to the court and the same was approved for $164.60 conditioned that he give his receipt in full to the county in a certain county case represented by Davis, Beall & Kemp, in which the said P. H. Clarke was also employed, and in what is known as the Paducah case.    And the clerk is hereby instructed that upon the execution and filing with him of said receipt above specified he may issue warrant as above stated, and not otherwise.'    Said Paducah case is the case for services in which plaintiff now sues."

The allegations show that appellant presented his claim to the com-

missioners court "for compensation for his said services and expenses," referring, of course, to the services and expenses previously described in the petition, but it is not alleged what sum was demanded, the only sum mentioned being the amount he was willing to accept if the same was paid without delay. The claim was approved for $164.60 upon the condition that it should be accepted as full payment thereof.

If it was intended to allege that the only amount designated in the claim presented to the commissioners court was that stated as a compromise, we think that the allegation of presentation of the claim and the rejection except for $164.60 was sufficient. The county is a constituent part of the sovereign State, and in order to have the privilege of suing it the statute must be complied with, so that it may not be annoyed by suits that could be settled simply by presentation and investigation. The object is to put the representatives of the people of the county in possession of the facts in regard to the nature of claims and give notice before any legal proceedings can be instituted. The concern of the statute is not so much with the amount as the nature of the claim. It is the "claim upon which the suit is founded," or in other words the commissioners court must be informed of the cause of action. In construing a statute of similar import the New York Court of Appeals said: "It is obvious that the word 'claim' and the phrase 'cause of action' relate to the same thing and have one meaning. The plaintiff before suit had a 'claim' for damages; and this, when stated in a complaint, is technically 'a cause of action.' The amount of compensation to which she conceived herself entitled would not before suit, in any manner, vary or affect the claim; nor does its statement in the pleadings determine the relief to which she would be entitled. In both cases it depends upon the facts stated. The claim, or cause of action, is made out when the facts constituting it are established; and as alleged in the complaint, they were the same as theretofore set forth in the petition." Minick v. City of Troy, 83 N. Y., 514. In that case a claim for $10,000 damages for personal injuries was presented to the city in which the facts upon which the claim was founded were stated. The claim was rejected and plaintiff filed suit for $5000, stating the same facts. In this case a claim was presented to the commissioners court for attorney's fees and expenses rendered and incurred in a certain case for the county, an offer being made to take $250 for the fee and $39.60 for the expenses if paid at once. The suit is founded upon the same claim for legal services and expenses, the only difference being that appellant is seeking to recover the full value of his services instead of the amount he had expressed a willingness to accept on a compromise.

It is true that in the New York case the claim was one arising from a tort and the one now under consideration is for services rendered and expenses incurred by reasons of a contract with the county, the amount not being determined or agreed upon but depending on the services that might be rendered and expenses that might be incurred. In either

case the presentation of the claim was to give notice to the county or city of the nature of the demand. In this case the county was as fully notified by the claim presented as to what appellant demanded as though the full account had been made out and presented, and an offer to pay a certain sum less than what appellant agreed to accept as a compromise was a rejection of everything above that sum.

In analogous cases of presentation of claims to administrators and executors the same rule has been announced as hereinbefore stated. Field v. Field, 77 N. Y., 294; Carter v. Beckwith, 104 N. Y., 236.

There is some analogy, perhaps, between cases of this character and those in which demand is necessary as a condition precedent to suits, the rule in each being founded upon the same principle. In the case of Donley v. Wiggins, 52 Texas, 301, a sheriff had collected money on execution which it was alleged he had refused to pay on demand. The proof showed that a demand for settlement was made by an agent of the person to whom the money was due, who at the same time exhibited a list of the cases. The amounts were not named. The court held the demand sufficient.

We believe the allegations of the petition are sufficient to sustain the demand of plaintiff in error against defendant in error, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*