St. Louis Southwestern Railway Company of Texas v. R. C. Clayton.

Decided March 20, 1909.

1.—Limitation—Overflow—Damage to Land and Crops.

Where a railway company constructed a culvert over a stream on its right of way and dug ditches on its right of way in such a negligent manner that they failed to carry off the water of such stream and thereby caused the water to overflow plaintiff's land and destroy crops thereon and injure the land, limitation began to run against the cause of action when the injury occurred, and the action was not barred until two years from such date. The company had the right to dig the ditches on its right of way and no cause of action arose until the overflow.

2.—Overflow—Obstructing Stream—Damages to Land and Crops—Subsequent Purchaser.

Where a railway company constructed a culvert over the channel of a stream and so negligently constructed ditches on its right of way as that they failed to carry off the water and caused plaintiff's land to be overflowed and the destruction of crops and injury to the land, the fact that plaintiff purchased the land after the ditches were dug furnished no defense to the suit. The company could not acquire a permanent right to injure the property as against purchasers acquiring it subsequent to the digging of the ditches.

3.—Measure of Damages—Injury to Land.

An instruction to allow plaintiff the difference between the market value just before and just after the injury of any land of plaintiff which the evidence showed to be permanently damaged as the proximate result of defendant's negligence, gave the true measure of damages.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*E. B. Perkins, Daniel Upthegrove, R. S. Neblett* and *W. R. Bishop,* for appellant.—The act of the defendant in minimizing the natural

outlet of the water of the creek which flowed through plaintiff's land, and diverting the same through ditches illegally and negligently constructed, was unlawful and an invasion of the rights of the land-owner, and the cause of action accrued when the acts were done and would be barred in two years from date, even though the actual overflow which caused the damage occurred less than two years before the institution of the suit. Houston Waterworks v. Kennedy, 70 Texas, 236; Lyle v. Texas & N. O. Ry. Co., 73 Texas, 95; Missouri, K. & T. Ry. v. Graham, 33 S. W., 577.

It is our contention that if the construction of the ditch and the lessening of the flow of the creek caused the overflow and the damage to the land, this was a permanent injury to the land and was done before the plaintiff acquired it, and that he can not maintain a suit for damage to the land which accrued before he purchased; that the damage caused by a permanent nuisance erected upon the land when the plaintiff did not own it, did not run with the land and pass to him when he purchased the land. The damages are purely personal and belong to him who owns the land when the cause of action accrues. They are not an encumbrance on the railroad property. Settergast v. Houston, O. L. & M. P. Ry. Co., 87 S. W., 197.

If the damage to plaintiff's land resulted not from the construction of the ditches on the north and south side of the railroad, and the lessening of the flow of the creek under the railroad bridge, but from the overflow of the land, then the measure of damages was not the difference between the value of the land permanently damaged just before and just after the injury, but would be such damages as resulted from each overflow in the loss of crops, grass, trees, etc., and such damages as will be fair compensation for the injury done to the land. Railway Co. v. Helsley, 62 Texas, 593; City of Dallas v. Leake, 34 S. W., 338; Railway Co. v. Haskell, 23 S. W., 546; Railway Co. v. Tait, 63 Texas, 223.

*Miller & Royall,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted on the 15th day of July, 1907, by appellee. On the 5th of February, 1908, amended petition was filed, upon which the case was tried. The appellee sought to recover damages caused by the destruction of crops grown upon about forty acres of land described in plaintiff's petition, and also sought to recover damages for depreciation in the land. The damages to the land and to the crops were alleged to have been caused by overflow brought about through the negligence of appellant in diverting the water from a creek running through appellee's land and carrying the same off in ditches which were improperly and negligently constructed.

It was alleged that the railroad company had for years maintained a culvert in the channel of said creek where the said railroad crosses same, but that defendant during the two years immediately preceding the institution of the suit intentionally and negligently caused the dirt to be removed on each side of said culvert or bridge and railroad track,

and opened up ditches on each side of said railroad track running in the direction of said railroad, but that said ditches were insufficient to carry the water, and that by reason of said excavation and the cutting of said ditches and their insufficiency, the water flowing in said creek through its natural channel was caused to leave the same and flow over and across plaintiff's said land and crops, washing the soil therefrom, which resulted in deep gullies being made through plaintiff's said land and depositing white sand from said branch or its tributaries on said land, and caused the water to remain on said land and crops for long periods of time, especially during the months of January, February, March, April, May, June and July, 1907.

A trial resulted in a verdict and judgment in favor of plaintiff for $250. Defendant's motion for new trial having been overruled, an appeal was perfected.

*Conclusions of fact.*—Appellee owns forty acres of land in Henderson County through which the St. Louis Southwestern Railway Company of Texas constructed its railroad, the same running east and west through said land. Twenty acres of the land is cleared, and in the years 1905, 1906, 1907 and 1908 were fenced, and had crops growing thereon. Twenty acres of the land was not cleared. About thirteen acres of the cultivated land lies south of the railroad and the remainder lies north of it. There is a branch running through the land in a northerly direction. When the railroad was constructed a culvert was built under the track through which this branch flowed from the south side of the railroad to its north side. The appellee acquired the land after the railroad and culvert were constructed. The agents, servants and employes of the appellant at various times dug its ditches on the north and south side of the railroad and caused the water from the branch during wet seasons to be diverted through these ditches upon the land of appellee, overflowing the same at different times in 1905, 1906, 1907 and a part of 1908, destroying his growing crops thereon. The water thus diverted washed gullies in the land and caused dirt and sand to be deposited thereon, permanently injuring the land. The appellant was guilty of negligence in causing these ditches to be dug and in diverting the water from the branch upon the property of appellee. By these acts appellee has sustained damage in the amount of the verdict and judgment.

*Conclusions of law.*—Appellant assigns as error the court's refusal to give its special charge No. 5 as follows: "Gentlemen of the jury: You are instructed at the request of the defendant that if you believe from the evidence that the defendant, more than four years prior to the 15th day of July, 1907, by any of the acts alleged in plaintiff's petition, caused the water to leave the natural outlet through the creek and flow over the land of plaintiff and damage same, then you can not find for plaintiff any damage to his land, if there was damage to his land, even though you believe from the evidence that the damage, if any, was done less than four years before the 15th day of July, 1907."

The proposition presented is that the act of the defendant in mini-

mizing the natural outlet of the water of the creek which flowed through plaintiff's land and diverting the same through ditches illegally and negligently constructed, was unlawful and an invasion of the rights of the landowner, and the cause of action accrued when the acts were done and would be barred in two years from date even though the actual overflow which caused the damage occurred less than two years before the institution of the suit. This proposition is not sustained. The ditches were dug on the railroad right of way and not on the property of appellee. The injury to appellee resulted not from the digging of the ditches, but from the diversion of the water from the branch through these ditches, causing the same at times to overflow appellee's land, depositing sand and dirt thereon and washing gullies therein and destroying crops growing thereon at the time of such overflows. The appellant had the right to dig the ditches on its right of way. The appellee's cause of action did not arise until his land was overflowed and damaged and his crops destroyed. This occurred within two years prior to the bringing of the suit. (Houston Waterworks v. Kennedy, 70 Texas, 234; Gulf, W. T. & P. Ry. Co. v. Goldman, 8 Texas Civ. App., 257.)

The appellant requested and the court refused its special charge No. 7 as follows: "Gentlemen of the Jury: The proof shows that the ditch on the south side of the railroad was constructed before the plaintiff purchased the land. Now, if you believe from the evidence that such construction of the ditch caused the water to overflow the land of plaintiff and damage the same and damage his crops, then you will find for the defendant." It is contended that the court erred in refusing said charge. This contention is not sustained. The fact that the ditches were dug before appellee acquired the forty-acre farm furnishes no defense to his suit, since appellant could not acquire a permanent right to injure the property as against purchasers acquiring it subsequent to the digging of the ditches. (Texas & P. Ry. v. Maddox, 26 Texas Civ. App., 297.)

Error is assigned to the twelfth paragraph of the court's charge, reading as follows: "You will also allow plaintiff the difference between the market value just before and just after the injury of any land of plaintiff, if any, which the evidence shows to be permanently damaged, if any, as the proximate result of defendant's negligence, if any." There was evidence that the land was injured in value by the deposit of dirt and sand thereon and the washing of ridges or gullies therein. The witnesses for the plaintiff testified that the land was worth $100 per acre prior to the injuries complained of, and since the damage the land is worth only one-half that amount. Where the evidence shows permanent injury to the land the measure of damages is the difference between the market value just before and just after the injury. (Texas & Pac. Ry. Co. v. Maddox, 26 Texas Civ. App., 297; Texas Trunk Ry. Co. v. Elam, 1 Texas App. Civ. Cases, section 445.) The charge was correct.

No reversible error having been pointed out in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.