**HILL COUNTY v. HAMILTON.** (No. 208.)

(Court of Civil Appeals of Texas. Waco.
April 30, 1925.)

**1. Counties ⬦⟶204(1), 213 — Commissioners' courts are courts of limited jurisdiction; when claimant may sue county, stated.**

Under Const. art. 5, §§ 1, 8, and Rev. St. arts. 1366, 2241, commissioners' courts are courts of limited jurisdiction only, with power and duty to audit and settle, claims, and order allowing such a claim has effect of judgment, but on court's refusal of claim, or refusal to have claim audited or to take any action thereon within reasonable time, claimant may sue county.

**2. Animals ⬦⟶32 — Duty of commissioners' court to pay owner of diseased animals value fixed by appraisers.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 7314ddd, after appraisers appointed by county judge fix value of animals infected with glanders or anthrax, it is absolute duty of commissioners' court, after seeing that appraisers' report is in proper form, to pay owner of animals their appraised value; and, commissioners' court having refused to pay such value, owner was entitled to sue county in county court.

**3. Counties ⬦⟶213—Refusal of commissioners' court to pay value of animals having glanders, as fixed by appraisers, authorized owner to sue county in county court.**

Where stock having glanders was duly condemned under Vernon's Ann. Civ. St. Supp. 1918, art. 7314ddd, and its value fixed by appraisers, commissioners' court's refusal to pay amount fixed, and offer to pay smaller sum, amounted to rejection of claim and offer to compromise, and court's failure to have claim audited if claim was within Rev. St. art. 1366, was in effect rejection authorizing owner to sue county in county court.

Appeal from Hill County Court; C. C. Crenshaw, Special Judge.

Action by J. W. Hamilton against Hill County. Judgment for plaintiff, and defendant appeals. Affirmed.

Clarke & Martin, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

STANFORD, J. This suit was brought by appellee against appellant in the county court upon a claim for $305, for the value of two mules and a mare which were condemned and destroyed by appellant, Hill county, because said animals had glanders. Appellee alleged that the county judge caused said animals to be examined and that it was ascertained that said stock had glanders, and that they were quarantined by the Live Stock Sanitary Commission; that the county judge of Hill county appointed three commissioners to appraise and fix the value of said stock and make report thereof, and that said commissioners fixed and appraised the value of said stock at $305, and made a report thereof to W. L. Wray, county judge of Hill county; that said report and all papers in connection with said proceeding were filed in the office of the county clerk of Hill county, and entry made thereof on the docket of the commissioners' court, and that the same were accepted, passed, and approved by the commissioners' court as in due form; that the county judge then directed the sheriff of Hill county to kill said stock, which he did, etc.; that plaintiff thereupon presented to the commissioners' court his claim for $305, as allowed by said appraisers, and that said commissioners' court refused to allow said claim and refused to pay him said sum of $305, and has failed and refused to recognize any obligation of Hill county to pay said sum of $305, and that said county has not paid any part of same. Appellant, Hill county, answered by general demurrer and general denial. W. L. Wray, the county judge of Hill county, being disqualified, by agreement, the case was tried before Hon. C. C. Crenshaw as special judge, on an agreed statement of facts, who, after considering said agreement statement, rendered judgment for appellee for $305.

Appellant presents only three assignments of error, all raising practically the same question, which, in substance, is that the court erred in assuming jurisdiction and in rendering judgment against Hill county, and said judgment is void, in that, the commissioners' court having heard and determined the value of said animals to be $30, the action of said commissioners' court became final and conclusive and had the effect of a judgment of a court of general jurisdiction, and appellee's only remedy was by appeal to the district court.

Section 1, art. 5, of our Constitution, provides as follows:

"The judicial power of this state shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in district courts, in county courts, in commissioners' courts, in courts of justices of the peace, and in such other courts as may be provided by law."

The part of section 8 of article 5 of our Constitution material to the question herein involved is as follows:

"The district court shall have appellate jurisdiction and general supervisory control over the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law."

Article 1366, Revised Statutes, is as follows:

"No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commission-

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ers' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."

The part of article 7314ddd of Vernon's Ann. Civ. St. Supp. 1918, material to the question here involved is as follows:

"It shall be the duty of the county judge of any county in this state whenever any horse, mule or ass within their counties are found infested with glanders or anthrax and have been quarantined by order of the Live Stock Sanitary Commission, to appoint three disinterested parties, who shall act as appraisers and fix the value of said animals at their actual value at the time of such appraisement, and make a sworn, written report of said appraisement to the county judge, whereupon the commissioners' court shall pass upon such written report, and pay to the owner of the animals their appraised value."

Article 2241, Revised Statutes, provides:

"The [commissioners' court] shall have power and it shall be their duty * * * to audit and settle all accounts against the county and direct their payment."

[1, 2] Under the general provisions governing commissioners' courts, they are courts of limited jurisdiction, their jurisdiction extending only to matters pertaining to the general welfare of their respective counties, including the power and duty to audit, or have audited, and settle all accounts against the county and direct their payment; and it is true, under such general provisions, that where a claim against a county is presented to the commissioners' court and such court audits and allows such claim and enters its order so doing, such order has the force and effect of a judgment. But if such court refuses such claim, or refuses to have such claim audited, in counties having a county auditor, or refuses or neglects to take any action on such claim within a reasonable time, then, in either of said events, the holder of such claim has authority to bring suit against the county in the proper court having jurisdiction of the amount involved. Revised Statutes, art. 1366. But it is our opinion that the matter involved here does not come under the provisions of the general law above referred to, requiring claims to be allowed by the commissioners' court. It will be observed, under article 7314ddd, the county judge takes the initiative. If animals in his county are reported to be infected with glanders and have been quarantined by order of the Live Stock Sanitary Commission, it becomes the duty of the county judge to appoint three disinterested parties to appraise and fix the value of said animals and make a sworn written report of said appraisement to the county judge, whereupon the commissioners' court shall pass upon such written report and pay to the owner of the animals their appraised value. The only duty to be performed by the commissioners' court, it seems, is to pass upon the report; that is, see that the report is in proper form, sworn to, etc. They have nothing to do with fixing the value of the animals. This is committed to the disinterested appraisers appointed by the county judge, who are so appointed without consulting the owner of the animals, and it is made the absolute duty of the commissioners' court to pay the owner of the animals their appraised value. The commissioners' court in this case having refused to pay appellee the appraised value of his stock, he had the right to sue the county in the county court, the only court having jurisdiction of the amount involved. Articles 7314ddd, Vernon's Ann. Civ. St. Supp. 1918; Holt v. Rockwell County, 27 Tex. Civ. App. 365, 65 S. W. 389.

[3] But, even if this claim were governed by the general statutes pertaining to the presentation of claims against the county to the commissioners' court, for audit and allowance by said court, and bringing suit thereon, etc., appellee was clearly within his rights in bringing his suit in the county court. The agreed statement on which the case was tried concedes, in substance, that the provisions of article 7314ddd were fully complied with in the condemnation, the destruction, and the appraisement by Hill county of appellee's stock; that appellee presented his claim for $305, the amount as fixed by the verified written report of the appraisers; and the agreed statement further recites that the said commissioners' court refused to allow plaintiff's said claim, and refused to pay to him the said appraised value of said animals in the said sum of $305, and disallowed plaintiff's claim as so presented for said amount; but the claim of appellee was not allowed and the payment thereof was refused by the said commissioners' court, for the reason that, upon consideration of such claim, it was the opinion of said court that plaintiff's said three animals were, at the time of their appraisement, of the value of only $10 per head, or $30 for the three, which sum of $30 said commissioners' court allowed and agreed to pay to plaintiff in full settlement of his claim, but plaintiff refused to accept said offer. The effect of the action of the commissioners' court, as above set out, was a rejection of appellee's claim for $305 and an offer to compromise for $30. Clarke v. Presidio County, 35 Tex. Civ. App. 172, 79 S. W. 593. And it is also to be observed that said court failed to have said claim, or any part of the same, audited by the county auditor of Hill county, as required by statute, and if said claim did come under article 1366 of the general laws, it was the duty of the commissioners' court to have said claim audited, as well as allowed, and their failure to have same audited was, in effect, a rejection of same, and authorized appellee to file suit on same in the county court. Anderson v. Ashe, 99 Tex. 447,

90 S. W. 874; Falls County v. Bozeman (Tex. Civ. App.) 249 S. W. 890; Greer v. Hunt County (Tex. Com. App.) 249 S. W. 831.

Finding no error in the record, the judgment of the trial court is in all things affirmed.