### MOTHERSHEAD v. ADAMS et al.
### No. 8688.

Court of Civil Appeals of Texas. San Antonio. Dec. 2, 1931.

Rehearing Denied Dec. 23, 1931.

Davenport, West & Ransome, of Brownsville, and E. L. Davis, of Harlingen, for appellant.

Carter & Stiernberg and W. P. Glass, all of Harlingen, for appellee.

FLY, C. J.

This suit was instituted by appellant against W. T. Adams, Sr., W. T. Adams, Jr., Winfred C. Adams, Anna O. Liddon, R. C. Liddon, Thomas A. Young, and Will Tate Young, to recover an attorney's fee amounting to $5,774.40. Appellees pleaded accord and satisfaction. The case was submitted to a jury on special issues, only the first being answered, which found that there was a full accord and satisfaction between the parties.

The evidence showed that the elder Adams, after the services had been performed for which the fee was demanded, had entered into an agreement with appellant to pay him the sum of $135.80 in payment of all claims for his services. Adams executed a note for that sum, which was accepted by appellant. The latter swore that the note was given only in payment of expenses incurred by him and did not include the fee. Adams, Sr., testified that the note covered everything owed by the parties to appellant. The day after receiving the note appellant saw Adams and told him that he had deceived appellant and the latter tore the note and threw it down. Adams picked up the pieces and took them off and afterwards sent a check to pay the note. Appellant accepted it as a payment on the indebtedness due him.

The facts show conclusively that appellant did not become dissatisfied and endeavor to destroy the note because there had been a misunderstanding, but because he feared he would not obtain the exclusive agency for certain lands owned by Adams. Appellant, it seems, was a real estate agent as well as an attorney. The question of legal services was not raised at the time of the settlement, which was for everything owed by Adams to appellant. The latter wanted to sell Adams' large tract of land and wanted an exclusive agency. That was the source of the disagreement.

The issue presented to and decided by the jury disposed of every issue in the case, and the court did not err in refusing to submit charges which amounted to a general charge to the jury. Appellant cannot complain of the charge of the court in assuming that there was an agreement between appellant and Adams. Appellant swore that there was an agreement and assumed its existence in the instructions requested by him. There was no controversy about the existence of an agreement, and the court, with propriety, instructed the jury that an agreement had been made.

The evidence showed that the minds of the parties did meet in the agreement and the sole cause of grievance arose afterwards because appellant was not given the exclusive agency to sell the land belonging to Adams. Had that been done, there would have been no contention as to what the note was intended to cover.

The judgment is affirmed.