CITY OF TEXARKANA, TEXAS, v. MRS. ALLIE RHYNE.

No. 6421.   Decided October 16, 1935.
(86 S. W., 2d Series, 215.)

*Travers Crumpton* and *Wm. Hodges*, of Texarkana, for plaintiff in error.

On the question of the measure of damages. City of Amarillo v. Ware, 120 Texas, 456, 40 S. W. (2d) 57; Pacific Exp. Co. v. Lasker, 81 Texas, 81, 16 S. W., 792; City of Houston v. Parr, 47 S. W., 393.

*S. I. Robison* and *Elmer L. Lincoln*, of Texarkana, for defendant in error.

On the question of the measure of damages. City of Texarkana v. Talbot, 26 S. W., 451; Gulf, C. & S. F. Ry. Co. v. Helsley, 62 Texas, 596; City of Texarkana v. Roberts, 27 S. W. (2d) 551.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The parties will be designated as in the trial court. Plaintiff, Mrs. Allie Rhyne, sued defendant, City of Texarkana, Texas, for damages alleged to have accrued by reason of the construction of a permanent street improvement within the city. The improvement consisted of the walling and covering of a natural water drain with concrete. This drainage ditch was constructed in such manner that water was caused to be diverted and overflow on to plaintiff's premises, causing injury to the shrubbery, buildings and foundation of the residence. It was further alleged that because of the water accumulating and standing on the premises the residence was "practically uninhabitable," and the rental value was greatly depreciated. Plaintiff alleged that the "damages and conditions herein complained of are of a recurring and continuing

nature." She further alleged that in order to raise the level of the land and the house to such extent as to prevent further injury, it would be necessary to incur considerable expense in filling in the lot and raising the house and repairing the foundation thereof.

Upon findings of the jury judgment was rendered in favor of plaintiff for $100.00 as damage to shrubbery, for $450.00 as loss of rentals, for $100.00 as cost of dirt to raise elevation of lot and prevent future flooding, and $350.00 as the reasonable cost of raising the house and rebuilding the foundation. Judgment was affirmed by the Court of Civil Appeals, with dissenting opinion by Judge Levy, 56 S. W. (2d) 263.

■ There is but one question of importance in this case, and that is as to the correct rule for measuring damages under the pleadings and facts of the case. There is no question but what the improvement constructed by the city is permanent in its nature, and the allegations in plaintiff's petition show injuries to the freehold estate which are of a recurring and continuing nature. Under these conditions all damages are to be recovered in one action, and are to be measured by the diminution or depreciation in the market value of the property as a whole; such damages to be assessed with reference to the past and probable future injuries. Rosenthal v. Taylor, B. & H. Ry. Co., 79 Texas, 325, 15 S. W., 268; City of Amarillo v. Ware, 120 Texas, 456, 40 S. W. (2d) 57, and Lone Star Gas Co. v. Hutton (Com. App.), 58 S. W. (2d) 19.

If the instrumentality which creates the injury is permanent in its nature, as distinguished from one which is only temporary or of such character as its injurious effects can be easily remedied, the proper rule is to recover all damages in one suit, and the measure of damages is the diminution in value of the freehold estate, even though the flooding of the property happens only occasionally. Rosenthal v. Ry. Co., supra; Fidelity Trust Co. v. Shelbyville Water & Light Co., (Ky.), 110 S. W., 239.

■ The trial court submitted the case upon a wrong theory. The Court of Civil Appeals held that the pleadings did not attempt to allege injury to the land but only to shrubbery, buildings, etc., and therefore recovery could be had for the specific injuries. We construe the petition as definitely alleging damage to the land. When there have been injuries to shrubbery and ornamental trees and, even to buildings, which are valuable principally because of their connection with the

freehold estate, and do not ordinarily possess a market value within themselves, the proper rule is to arrive at the measure of damages by ascertaining the depreciation in the value of the land. It follows, therefore, that the allegations as to injury to shrubbery and buildings and the allegations that the residence had been made practically uninhabitable, necessarily amounted to allegations of injury to the freehold estate, although specific amounts were claimed for the respective injuries and not for depreciation of the premises as a whole. The pleading could have been more appropriately framed in order to present the case upon the theory of depreciation of value to the freehold estate.

Other helpful references to the law applicable to this case will be found at pages 160 to 168 of 13 Texas Jurisprudence.

Without passing upon the question of the duty of plaintiff to use ordinary care to minimize damages in a case of this kind, we hold that the ruling of the Court of Civil Appeals upon the question of pleadings in this regard was correct.

The judgments of the trial court and the Court of Civil Appeals are hereby set aside and the cause is reversed and remanded.

Opinion adopted by the Supreme Court October 16, 1935.