**CITY OF HOUSTON v. ANDERSON et ux.**
**No. 10550.**

Court of Civil Appeals of Texas. Galveston.
March 24, 1938.

Rehearing Denied April 21, 1938.

R. R. Lewis, Wm. M. Holland, Walter E. Boyd, G. W. Eddy, and Geo. D. Neal, all of Houston, for appellant.

Elbert Roberts and J. H. Baumgarten, both of Houston, for appellees.

GRAVES, Justice.

This appeal is from a $7,500 judgment in favor of the appellees, John E. Anderson and wife, and against the appellant, city of Houston, entered by the Sixty-First district court of Harris county upon a jury's verdict in response to special issues, as for permanent damage to their 807-foot strip of property abutting the west line of Scott street in that city, caused by the city's having greatly widened and deepened a small ditch theretofore running along such property line. The special issues and the jury's answers thereto were these:

"No. 1. Do you find from a preponderance of the evidence that the Anderson property was damaged by reason of the widening and deepening of the ditch between the Fall of 1933 and the Spring of 1934?" Answer: "We do."

"No. 2. If you have answered Special Issue No. 1 'we do,' and only in that event, then answer the following Special Issue:

"From a preponderance of the evidence, what do you find was the reasonable cash market value of the Anderson property immediately before said ditch was deepened and widened?" Answer: "$26,000.00."

"No. 3. From a preponderance of the evidence, what do you find was the reasonable cash market value of the Anderson property immediately after the ditch was deepened and widened?" Answer: "$18,500.00."

In this court the appellant city assails the action thus taken below, under some nine propositions of law, which may be summarized in this way:

Nos. 1 and 3 complain, respectively, of the court's refusal to sustain appellant's ad interim motions for judgment in its favor, the one for a peremptory instruction, interposed at the close of appellees' testimony in advance of any having been offered by itself; the other, made after the return of the jury's findings, asking an acquittal non obstante veredicto, both grounded upon the claim of insufficient evidence to support the adverse award to the appellees.

No. 2 urges error in the receipt in evidence, over appellant's objection, of two applications, purportedly signed by its mayor and his executive secretary, to the Federal Civil Works Administration of Texas, requesting an appropriation of money for ditch digging and street cleaning, on the alleged ground that neither such mayor nor secretary had been thereunto duly authorized by the city council of Houston by any ordinance, motion, or resolution passed by it, wherefore such application had not been binding upon it.

No. 4 presents that there was error in the refusal of appellant's requested special issue, which sought to elicit from the jury a finding as to whether or not the damage to their land so declared upon by the appellees was of a permanent or temporary nature; it being asserted that appellant's evidence on that feature tended to show that whatever damage there may have been was susceptible of being repaired, hence had been of a temporary nature only.

No. 5 being to the effect that appellant's motion to strike from the record the witness A. D. Foreman's testimony as to the "reasonable value" of the appellees' property just prior to the enlargement of the ditch should have been granted, he having therein testified that such property had no market value at all in 1933; the appellees having sued for an alleged difference of $20,000 in the market value of the property immediately before and immediately after the widening of the ditch, and not having alleged that it had no market value at the time in question.

Nos. 6 to 9, inclusive, assail the admission in evidence, over appellant's objec-

tion, of four certain motions passed by the city council of Houston, Nos. 8004, 8005, 7769, and 7770, on the alleged ground that no evidence was otherwise adduced showing either that the subject-matter of any of these motions, or what was done under any of them, related to or had anything to do with the declared-upon deepening and widening of the Scott Street ditch, which formed the basis of the appellees' cause of action, it being presented in this connection, first, that motion No. 8004 merely purported to authorize the city of Houston to co-operate in every way with the federal government, through the Civil Works Administration, in securing work for men to be furnished the city by the CWA; second, that No. 8005 likewise purportedly authorized City Commissioner Starkey and its acting director of public works, J. M. Nagle, to purchase necessary tools and equipment for use in its street, bridge, and park division for use by labor to be furnished by the federal government through the CWA; third, that No. 7769 simply authorized the mayor's certifying that an appropriation would be made to defray the cost of necessary supervision of the work to be done by the city's street and bridge department, for which the Federal Relief Commission was to furnish the labor, etc.; fourth, that No. 7770 only purported to authorize like certificates from the mayor of the city to cover the cost of all tools and equipment necessary for such work.

■ None of these contentions, it is thought, should be sustained. The count for the peremptory instruction—in the circumstances under which it was requested —is clearly untenable, since, as against the motion therefor, it was unnecessary for appellees to fully prove that the city had ever expressly authorized the lowering and widening of the ditch by ordinance, resolution, or motion, or that it had in fact ratified that work as its own after being done; but, if their proof raised issues of fact over whether the city had sponsored such work in either of these ways, they were entitled to go to the jury on such showing. Donaldson v. Oak Park Cemetery, Tex.Civ.App., 110 S.W.2d 119.

Upon like considerations, the move for an acquittal from liability, after and notwithstanding the verdict by the jury, was not well grounded, if the evidence was sufficient to sustain the jury's quoted answers to the special issues, as well as the further finding necessarily implied therein, to the effect that the ditch had been by the city so deepened and widened over its pre-existing condition as to actually inflict a permanent damage upon the appellees to the extent of $7,500, when measured in money; indeed, these findings of the jury —inclusive of such necessary implication —are not specifically attacked as such, nor, in view of the plain sufficiency of the evidence to substantiate them, could they successfully have been; without going into the evidence, it is sufficient to note that it fully sustained appellees' averments that the ditch had been an average depth of from 2 to 2½ feet, approximately 3 feet wide at the top, and sloping toward the bottom, before the city so deepened and widened it; whereas immediately afterwards it had been 4 to 7 feet deep, 3 feet wide at the bottom, and from 13 to 16 feet wide at the top, thereby cutting off access along the entire 800-foot line of appellees' property, as well as causing water to stand in places upon it where that had not before happened.

■ Moreover, while it would seem to this court that the city's plenary power and control over its streets under its charter authorized it to do such widening, deepening, and grade changing as the work on this ditch amounted to, without the passage of an ordinance, resolution, or motion by its council for that specific purpose, still the evidence in this record not only shows that essentially that authorization was had in this instance, but further that the city fathered, directed, and adopted this project as its own (having used free federal labor from the CWA for that purpose), after it had been completed; indeed, the unmistakable purport and effect of the motions and resolutions passed and acted upon by the city (listed in the city's objections to their admission, supra, as Nos. 8004, 8005, 7769, and 7770), was to fasten such sponsorship of the work so done upon this ditch, as well as the consequent liability to the appellees as abutting owners injured thereby, upon the appellant city.

So that, whether the work had been in advance expressly authorized or not, the well-nigh undisputed showing that it had been afterwards so ratified and accepted and treated as its own by the city thus rendered it responsible to the appellees for the actual damages they showed it had inflicted upon them, under these author-

ities: Boydston v. Rockwall County, 86 Tex. 234, 24 S.W. 272; Shelby County v. Caldwell, Tex.Civ.App., 48 S.W.2d 761; City of Houston v. Dupree, 103 Tex. 292, 126 S.W. 1115; City of Grandview v. Ingle, Tex.Civ.App., 90 S.W.2d 855; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; City of Houston v. Kleinecke, Tex.Civ.App., 26 S.W. 250.

■ It follows from what has already been said that the receipt in evidence of these complained-of motions and resolutions constituted no error prejudicial to the appellant, as claimed; it otherwise indisputably appearing that the city availed itself of the free labor so furnished by the federal CWA, passed the resolution No. 8004 binding itself to fully co-operate with that government in the use of, as well as —by the other motions and the proceedings taken under them—to further make the necessary appropriation to furnish proper accessories, and to otherwise do what was necessary to effectively carry out such joint enterprise; that its director of public works, after being by it so instructed, prepared a list of the city's projects on which such labor could be used, inclusive of this work of deepening and widening the Scott Street ditch, which was thereafter done pursuant to and in consummation of these arrangements between the city and the federal government; that finished work, as thus so done, was thereafter accepted, taken over, and is still being maintained by the city as a part of its continuing public policy as to that street; wherefore, it becomes obvious that the damage done the appellees, if any, was shown to be a permanent rather than a temporary one, hence the special issue requested by the appellant upon the contrary contention was inappropriate to the case as made by both the pleadings and proof. Such being the permanent character of the damage both alleged and shown, the trial court applied the correct measure thereto, as is made manifest from the holdings in these cases: Rosenthal v. Taylor, B. & H. Ry. Co., 79 Tex. 325, 15 S.W. 268; City of Amarillo v. Ware, 120 Tex. 456, 40 S. W.2d 57; Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19; City of Texarkana v. Rhyne, 126 Tex. 77, 86 S. W.2d 215; R.S.1925, art. 2185; Stedman Fruit Co. v. Smith, Tex.Civ.App., 45 S.W.2d 804; Federal Surety Co. v. Jetton, Tex.Com.App., 44 S.W.2d 923; Citizens' Mutual Aid Ass'n v. Williams, Tex.Civ.

App., 43 S.W.2d 976; Berryman v. Norfleet, Tex.Civ.App., 41 S.W.2d 722, error refused; Emergency Clinic v. Continental Investment Co., Tex.Civ.App., 41 S.W.2d 640; Mothershead v. Adams, Tex.Civ. App., 44 S.W.2d 759.

It is true that the city's director of public works, Mr. Nagle, testified upon this feature of the cause that this greatly enlarged ditch could have been avoided by the building of a storm sewer in its place along Scott street, at the cost of $4,000, but he further added that even it would be inadequate in times of great flood, and that he knew of no plan on the part of the City to in that manner, or otherwise, cure or remedy such damage as had been entailed by the deepening of the ditch here involved.

■ Had the witness Foreman testified on the question of market value only to what appellant's motion to strike it reflects, the better trial procedure would probably have been to sustain it; but the receipt of that was at least rendered harmless—not only by what he added, but also by much unobjected to evidence from other witnesses as to the market value of the property. He later fully explained what appellant quotes by testifying that the property had a market value, but at that time there was practically no market, adding: "There was very little demand for any kind of property in 1933, but that did not destroy property-values; that just slowed up sales; there was still a market-value for that property."

■ Upon the whole cause, therefore, in view of the unchallenged verdict, as well as the facts conclusively shown in supplement to those returned as therein found by the jury, this appears to have been shown to be an instance of where private property was damaged for a public purpose, in invitum as affected the appellees, without adequate compensation to them having been made; wherefore, an allowance for the damages so awarded was not unauthorized. Section 17, article 1, Constitution of State of Texas; Cooper v. Dallas, 83 Tex. 239, 18 S.W. 565, 29 Am.St. Rep. 645; City of Amarillo v. Green, Tex. Com.App., 267 S.W. 702; Brewster v. City of Forney, Tex.Com.App., 223 S.W. 175; City of Wichita Falls v. Mauldin, Tex.Com. App., 39 S.W.2d 859; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57; City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d

577; Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, 83 A.L.R. 278; McQuillin's Municipal Corporations, vol. 5, 2d Ed., pp. 480 and 485; Fort Worth v. Howard, 3 Tex.Civ.App. 537, 22 S.W. 1059.

These conclusions require an affirmance of the learned trial court's judgment; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.