## SCHUBERT v. GUADALUPE COUNTY.
### No. 11555.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1945.

Mark V. Fuchs and H. A. Triesch, both of New Braunfels, for appellant.

A. P. Mueller, F. E. Knetsch, and R. A. Weinert, all of Seguin, for appellee.

NORVELL, Justice.

Appellant, Herman Schubert, presents one assignment of error in which he asserts that the trial court erred in instructing the jury to find for appellee (defendant below), Guadalupe County.

Schubert's action was one for the taking or damaging of his lands by the construction and grading of a roadway by the county. Article 1, Section 17, of the Constitution of Texas, Vernon's Ann.St.

It appears that in the fall of 1933, the road which adjoins appellant's tract of land was graded and the level thereof raised about nine inches above that of the surrounding territory. This caused water from rainfalls to accumulate along the roadway and inundate about thirty acres of appellant's land. Appellant states in his brief that said lands "became worthless and valueless and had their market value destroyed; that prior to the construction of said road and prior to the impounding of waters thereon, the market value of said land was from $125.00 to $150.00 per acre * * *."

It appears that at least part of the land involved was subject to inundation prior to the time the road was graded and its level raised, in 1933. It also appears that the road has been maintained in substantially the same condition and at the same grade level since 1933. It is further shown that the aggravated flooding and inundation of appellant's land caused by the raising of the road level occurred shortly after the grading of the road in 1933. As the flooding of the land and consequent damage thereto became apparent in 1933, the injury to the land in legal contemplation occurred at that time. Vann v. Bowie Sewerage Company, 127 Tex. 97, 90 S.W.2d 561; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, 61.

As pointed out in City of Amarillo v. Ware, supra, it has been stated that, "the measure of damages for permanent injury to land is the difference in the mar-

ket value just prior to the time of the construction of the improvements (causing damage) and immediately subsequent to such improvements." This rule was, however, criticized as not being flexible enough to meet the ends of justice in all cases, and it was held that a person whose property was damaged had the right "to wait and see what the result will be when the improvements are subjected to an actual test."

In this case, appellant testified that after the road was graded, in 1933, the water "couldn't go in its original water route any more" and that after a heavy rainfall he "found out that water was on the top" of his land, and that the flooding of his property occurred "at different intervals since 1933 up to the present time."

■ This being the state of the record, it is apparent that the value of appellant's land in 1933, or shortly thereafter, is a determining factor in ascertaining the amount of damages. However, there is no evidence relating to the value of the land in 1933. Appellant sought to establish a market value of the land in an undamaged condition about the year 1942, eight years after the level of the road had been raised.

Appellant testified as follows:

"Q. Do you know the market value of that land prior to 1942—immediately prior to 1942? A. Yes, sir. (Objection by counsel.) * * *

"Q. Did you know the value of that land—the market value of that land prior to 1942? A. Yes, sir.

"Q. What was that market value?

"Counsel: We still object to him fixing the market value as of 1942.

"The Court: Well, the objection is overruled.

"Counsel: Note our exception.

"Q. What was the market value of that land prior to 1942? I said prior. A. About $125 to $150."

■ Statements of estimates of land values "prior to 1942" can not be construed as evidence of land values eight years prior to 1942, especially in view of the fact that this eight-year period extended from the depth of a financial depression to the midst of a world-wide war and embraced a period of fluctuating land prices.

■ As there is no evidence from which the amount of damages sustained by appellant could have been fixed without resort to surmise and conjecture, it follows that the court below was correct in instructing the jury to find for the appellee.

This holding makes unnecessary a discussion of appellee's contention that appellant's action was barred by limitation, and we express no opinion in regard thereto.

The judgment appealed from is affirmed.