**William H. MESSER, Jr., et al., Appellants,**

v.

**COUNTY OF REFUGIO, Appellee.**

No. 427.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 14, 1968.

Rehearings Denied Dec. 19, 1968.

Butler, Schraub & Gandy, Philip A. Schraub, Corpus Christi, for appellants.

Fischer, Wood, Burney & Nesbitt, Allen Wood, Corpus Christi, Carsner, Carsner & Bissett, Gerald T. Bissett, Victoria, Hobart Huson, K. D. Hall, County Atty., Refugio, for appellee.

## OPINION

GREEN, Chief Justice.

This appeal is from a take-nothing judgment.

Appellants brought suit to recover damages for the overflow and impounding of surface waters on to their land allegedly resulting from appellee county's failure to place adequate drainage outlets under a county road constructed and maintained by county along the southern boundary of appellants' farm in such a manner as to obstruct the natural flow of surface water from their land. In their original petition filed *August 14, 1959,* they sought relief on four alternate counts: (1) for permanent damage to land; (2) for depreciation in value of land; (3) for loss of crops; and (4) for injunctive relief in the nature of requiring county to place adequate drainage structures to prevent future floodings of their property. This petition was subsequently amended twice. In their Second Amended Original Petition, the trial pleading, filed *May 12, 1967,* appellants abandoned their claims for damage to the land, and urged only their claim for crop damage and loss for the years 1959, 1963, 1964, and 1966, and for extra expense and labor for the years 1958 to 1961 inclusive, asserting county's liability therefor under Arts. 6730, 6771, and 7589a, Vernon's Ann.Tex.Civ.St. In addition they sought an order permanently enjoining county from maintaining its roadway in such manner as to obstruct, impede or delay the natural passage and drainage of the surface waters from plaintiffs' lands.

County in its answer on which it went to trial among other defenses plead the two, four and ten year statutes of limitations, and alleged that plaintiffs never presented their asserted claims to the Commissioners Court for allowance. See Art. 1573, V.A.T.S.

At the close of the evidence each side filed a motion for judgment, appellants asking for favorable findings as a matter of law on liability, with the damage issues to be submitted to the jury, and appellee asking for an instructed verdict principally alleging among other grounds that the evidence showed the cause to be barred by the two year statute of limitation, and that the appellants had failed to present their claim to the commissioners court before suit was filed. Such motions were overruled and the case was submitted to the jury on special issues, and the following jury findings were returned and received by the court: (1) the road in question diverts and obstructs the natural flow of surface waters from plaintiffs' land (2) which diversion and obstruction was a proximate cause of damage to plaintiffs; (3) the said road impounds the

surface waters upon plaintiffs' land; (4) which was a proximate cause of damage to plaintiffs; (5) the existing drainage under the road is inadequate to carry the surface waters accumulating and received upon plaintiffs' land, which might have naturally flowed over the area in which the culvert is located; (6) which was a proximate cause of damage to plaintiffs; (7) the road in question in its present condition will in reasonable probability proximately cause obstruction to the natural flow of surface waters on plaintiffs' land, to their damage, in the future; (8) the obstruction to the natural flow of water accumulating upon plaintiffs' land would be alleviated by defendant's replacing the existing culvert of six fifteen inch pipes with a culvert of greater capacity; (9) plaintiffs' land does not have generally better drainage since the roads, culverts and ditches have been constructed than it had under the pre-existing natural conditions; (10) plaintiffs' land generally is not now equally as well drained as it was under natural conditions before the construction of the road culverts and ditches; (11) plaintiffs were required to expend extra labor and expense for plowing, cultivating, hoeing and poisoning operations in the production of their crops, in addition to what they normally would have expended, by virtue of surface waters overflowing and held on their land; (12) the amounts of such sums of money as reasonable compensation for such extra expenses are for 1958—$169.62; for 1959—$273.90; for 1960—$348.65; for 1961—$254.50; for 1962—$534.16; for 1963—$19.40; for 1965—$189.55; for 1966 —$447.76; (13) the surface waters caused to be overflowed and held on plaintiffs' lands by the road in question caused destruction to crops growing on such lands which otherwise would not have been destroyed; (14) the sums of money which, if paid now in cash, would be fair and reasonable compensation for the value of crops destroyed, would be for 1959—$3815.- 59; for 1963—$1550.00; for 1964—zero; for 1966—$1596.51.

Appellants filed their motion for judgment, attaching thereto a form of decree based upon the favorable jury findings. Appellee filed its motion for judgment asserting, among other grounds, that plaintiffs' alleged cause of action is barred by the two year statute of limitation, and that plaintiffs are not entitled to recover damages since no claim for crop damages was ever presented to the commissioners court for allowance. The trial court overruled appellants' motion, and sustained that part of the motion of the county concerning the two year limitation statute and rendered judgment "that the statute of limitations began to run on April 17, 1957, and that defendant's plea of the two-year statute of limitation is good and that defendant should be awarded judgment because plaintiffs' cause of action is so barred by limitations." We feel that the court erred in basing his judgment on the issue of limitations.

Appellants by their points of error contend that the court erred in failing to render judgment for them based on the jury verdict, and in sustaining appellee's plea of limitations.

The road in question was established as a county road years prior to the injuries complained of. Appellants' father began farming the land about 1936, when it was owned by Dr. Paul Peck. Dr. Peck conveyed the land to appellants' father in 1948. Prior thereto, in 1942, Dr. Peck had conveyed to the county an easement for twenty additional feet, and the county then raised the grade and elevation of the road, and it was hard-surfaced. Two or three 15″ pipes were placed under it for drainage purposes. After a complaint from appellants' father in 1952, additional pipes were placed by the county under the road to make a total of six drainage culverts. This was the the last change made in the culvert. It is undisputed that floodings and overflows similar to those complained of in appellants' pleadings occurred more than two years before the original filing of this suit, and prior to those

years for which appellants claim damage. In fact appellant W. H. Messer, Jr. testified that he accompanied his father when he complained to the commissioners court about the drainage problem in May, 1952. Appellants' exhibits depict such an overflow occurring April 16, 1957. This was the occasion fixed by the trial court as the start of the running of the statute of limitations, evidently on the theory that the suit should have been filed within two years after the first significant injury.

Appellants' claims against appellee are based upon the alleged responsibilities of the county as fixed by Arts. 6730, 6771, and 7589a, V.A.T.S. The last mentioned statute, 7589a, reads in part as follows:

"It shall hereafter be unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this State or to permit a diversion thereof caused by him to continue after the passage of this Act or to impound such waters, or to permit the impounding thereof caused by him to continue after the passage of this Act in such manner as to damage the property of another, by the overflow of such water so diverted or impounded, and that in all such cases the injured party shall have remedies, both at law and in equity, including damages occasioned thereby, * *."

■ Our Supreme Court in City of Houston v. Renault, Inc., Tex., 431 S.W.2d 322 held that the terms "person, firm or private corporation" in Art. 7589a did not include a municipal corporation, and that the provisions of such article did not apply to cities. The same reasoning used by the Court would equally apply to counties, and consequently Art. 7589a would not be applicable to Refugio County, notwithstanding some of the language used in Falls County v. Kluck, Tex.Civ.App., 199 S.W.2d 704, n. w. h.

Article 6771 never became operative as to appellants so as to support an action for damages.

A study of Section 5, Drainage, of Title 116, Revised Statutes, discloses that it was originally enacted as Section 2 of the Acts of 1897, p. 66, Gammel's Laws, Vol. 10, pp. 1120 et seq., and contained 24 numbered sections. Practically all of these sections, with changes in some of the phraseology, have been carried forward into the Revised Statutes as Articles 6771 to 6789, both inclusive, and, as is apparent therefrom, are to be construed with relation and regard to one another, so that the operation and effectiveness of Article 6771 (Section 1 of original Act) was made contingent upon compliance with Article 6773, which was Section 3 of the original.

Present Article 6771 (originally Section 2) provides:

"The commissioners court at any regular session thereof may cause to be constructed and maintained, as hereinafter provided, * * *."

Present Article 6773 (original Section 3) provides:

"A petition shall first be filed with the county clerk, signed by at least one hundred tax payers and voters of said county, setting forth the necessity and availability for such drainage system, * * *."

■ The scope and intendment of the original Act and of the present articles of statute carried forward is to provide procedure whereby a drainage system may be organized by the landowners, the expense of which is to be borne by them pro rata, and to be evidenced by assessment certificates which are to constitute liens on the respective tracts embraced in the system.

■ The procedure prescribed is a prerequisite to the operation of the Act, or said Section 5 of Title 116, as a whole. No such procedure ever having been invoked or complied with, none of such sections or articles, including Article 6771, ever became operative in this case.

As a matter of fact appellants in their brief do not strongly argue that the provisions of Article 6771 are applicable to their cause of action relying principally on Articles 7589a and 6730.

Art. 6730 reads:

"The earth necessary to construct a causeway shall be taken from both sides, so as to make a drain on each side thereof. Whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that purpose, having due regard for the natural water flow, and with as little injury as possible to the adjacent land owners. In such cases the commissioners court shall cause the damages to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement the same may be settled by suit as in other cases. Id."

In City of Houston v. Renault, Inc., supra, plaintiffs, in addition to their attempt to fix liability upon the City under Art. 7589a also contended that the city was liable under common law principles. The Supreme Court held that because of the jury findings there was no such liability, and in distinguishing certain cited authorities from the fact situation stated: (431 S.W.2d pp. 326–327)

"Plaintiffs rely upon a number of other cases, which are to be distinguished on the following grounds: * * * (3) Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139; Clark v. Dyer, 81 Tex. 339, 16 S.W. 1061; Angelina County v. Bond, Tex.Civ.App., 16 S.W.2d 338 (no writ); and Palo Pinto County v. Gaines, Tex.Civ.App., 168 S.W. 391 (wr.ref.), are based, in part, upon either Article 6328 or Article 6730, *which have been construed as imposing upon counties and railroads the duty to provide adequate drainage under roads and tracts.* There is no similar statute applicable to municipalities, and it is our opinion that the trial court did not err in rendering judg-

ment on the verdict in favor of the city." (Emphasis supplied)

■ The presence and existence of the county road along the south side of appellants' land does not in and of itself constitute a nuisance. It does not operate as an encroachment upon their lands or an invasion of their rights. It causes no damage to their crops except for the intervention of a new and independent cause such as the contingency of a substantial rainfall, a force which is incalculable and of a transient character. Appellants' suit was not for permanent damages to land, but was for loss to crops occurring within two years prior to the filing of the suit and also for loss which occurred after the original suit was filed but prior to the filing of the amended petition.

In the case of Austin and N.W. Ry. Co. v. Anderson, Tex.Com.App., 79 Tex. 427, 15 S.W. 484, opinion adopted, the suit was for temporary damages to the land and injury to cotton and corn crops destroyed by surface waters caused to accumulate on the land by the manner in which the railroad company had constructed its road-bed and culverts as to change the natural flow of rain water. The defendant plead the two-year statute of limitation inasmuch as the road-bed had been built in 1881, whereas plaintiffs' damages had been claimed for 1886, 1887, and 1888. The law as applied by the trial court allowed plaintiff to recover for all injury occurring within two years prior to the institution of the suit. The appellate court in affirming a plaintiffs' judgment stated in part:

" * * * We conclude from the authorities that, where a nuisance is permanent and continuing, the damages resulting from it should all be estimated in one suit, but where it is not permanent, but depends on accidents and contingencies so that it is of a transient character, successive actions may be brought for injury as it occurs; and that an action for such injury would not be barred by the statute of limitations, unless the full

period of the statute had run against the special injury before suit. The building of the embankment and the culverts, as alleged, was not of itself a nuisance. It was no invasion of plaintiff's rights. They were not put on his land. They became a nuisance only at intervals,—by diverting water from rain-falls from its usual flow upon plaintiff's land. The embankment and the culverts were permanent, but the nuisance was not. There was no constant and continuing injury. It may be that where land is destroyed, and its value before destruction is recovered as damages, there can be but one recovery. The soil and improvements might be renewed, however; in which case other suits might lie for damage to its renewed state. But suppose the land is only injured or the crops occasionally destroyed by rains, the just and rational rule, as adopted in this state, is that successive actions may be brought for the injuries as they occur. [Gulf C. & S.F.] Railway Co. v. Hensley, 62 Tex. 593. We agree with the court below in its holdings upon this subject."

See opinions of Supreme Court in Baker v. City of Fort Worth, 146 Tex. 600, 210 S. W.2d 564, 565–566, 5 A.L.R.2d 297 and Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99, 108, for approval of above quote.

In Clark v. Dyer, 81 Tex. 339, 16 S.W. 1061, one of the authorities cited by the Supreme Court in City of Houston v. Renault, Inc., supra, a suit for damages to crops and fences resulting from overflow of plaintiffs' land caused by the railroad company's failure to place culverts as the lay of the land required for proper drainage causing surface water to collect and overflow the land, the court stated:

"Appellants contend, in their second assignment, that the allegations of the pe-

tition show that the railroad was a permanent structure for more than two years prior to the institution of this suit, and thereby plaintiff's demand is barred by limitation; the cause of action maturing from the erection of the embankment, and not from the time of overflow. For support of this position they rely upon the case of [Houston] Water-Works v. Kennedy, 70 Tex. 233, 8 S.W.Rep. 36. Upon this question we content ourselves with remarking that damages resulting from causes of the character complained of in this case do not fall within the rule announced in [Houston] Water-Works v. Kennedy, as has been expressly decided in the case of [Austin & N.W.] Railway Co. v. Anderson, [79 Tex. 427] (Tex.) 15 S.W.Rep. 485. The injured party has his action for damages occasioned by each overflow, ([Gulf, C. & S.F.] Railway Co. v. Helsley, 62 Tex. 593,) and limitation commences to run from the occurrence of each, ( [Austin & N.W. Railway Co. v. Anderson, supra.)"

See, also, St. Louis Southwestern Ry. Co. of Texas v. Clayton, 54 Tex.Civ.App. 512, 118 S.W. 248, wr.ref.

And in the three county cases cited in the above quote from City of Houston v. Renault, Inc., towit Harris County v. Gerhart, 115 Tex. 449, 283 S.W. 139, Angelina County v. Bond, Tex.Civ.App., 16 S.W.2d 338, n. w. h., and Palo Pinto County v. Gaines, Tex.Civ.App., 168 S.W. 391, wr. ref., being suits to recover damages for loss to growing crops, the county defendants were held liable under the provisions of Art. 6730 for such loss.

The authorities cited by appellee on the limitation and measure of damage propositions are generally cases for recovery of permanent damage to land, and are not in point.* For us to agree with appellee's contention that limitation commenced to

* City of Abilene v. Downs, Tex.Sup.Ct., 367 S.W.2d 153; Schubert v. Guadalupe County, Tex.Civ.App., 189 S.W.2d 514 n. w. h.; City of Texarkana v. Rhyne,

Tex.Com.App., 126 Tex. 77, 86 S.W.2d 215, n. w. h.; Tarrant County Water Control & Imp. Dist. No. 1 v. Reid, Tex. Civ.App., 203 S.W.2d 290, wr. ref. n. r. e.

run on these specific claims for damage to crops when similar losses for the same reason occurred over two years prior to the filing of the suit would, in our opinion, amount to us ignoring the holdings in Austin and N.W. Ry. Co. v. Anderson, supra, and the other authorities following the Austin doctrine heretofore cited.

We accordingly hold that the trial court erred in sustaining appellee's plea that appellants' cause of action for damages was barred by the two-year statute of limitations.

■ The question remaining to be determined is: was the appellee, the prevailing party, entitled to judgment as a matter of law? The rule is well established that the judgment of the trial court should be affirmed if it is the judgment which should have been rendered, even though the trial court assigned the wrong reason for granting it. Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686, wr.ref.; Rockett v. Texas State Board of Medical Examiners, Tex. Civ.App., 287 S.W.2d 190, wr.ref. n. r. e.

Appellee by its first two cross-points and its argument thereunder alleges error in the trial court's failure to sustain county's contention, contained in both its motion for instructed verdict and motion for judgment, that county was entitled to judgment on the issue of damages because the undisputed evidence shows that no claim for the crop damage or extra labor expenses sued for was ever presented by appellants to appellee's commissioners court for allowance. In this connection, Art. 1573, V.A.T. S., provides:

"No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioners court for allowance, and such court shall have neglected or refused to audit and allow the same, * * *."

■ Appellants did not allege in their pleadings any compliance with this article. While the evidence shows that they did, on several occasions, complain to their county commissioner Geistmann about the inadequate drainage to such extent that in 1952 additional pipes were placed under the roadway, they did not at any time make any claim, either in writing or orally, to the commissioners court or to any member thereof of a monetary loss for which they here sue. Appellant Wm. H. Messer, Jr. testified to conversations with the county judge and county attorney in which he requested additional drainage pipes under the road, but again nothing was said of any monetary claim for crop damage or expenses such as those sued for. It was a prerequisite to plaintiffs' recovery that they present claims to the commissioners court for allowance before filing suit. Jones County v. Moore, Tex.Civ.App., 4 S.W.2d 289 wr. ref.; Angelina County v. Bond, 16 S.W.2d 338, n. w. h.; Bogue v. Van Zandt County, Tex.Civ.App., 138 S.W. 1065, n. w. h.; Stevens v. Jim Wells County, Tex. Civ.App., 32 S.W.2d 889, n. w. h.; Ramsey v. Polk County, Tex.Civ.App., 256 S.W. 2d 425, n. w. h.; Bell County v. Flint, Tex.Civ.App., 91 S.W. 329, n. w. h.; Yantis v. Montaque County, 50 Tex.Civ.App. 403, 110 S.W. 161, n. w. h. The provisions of Art. 1573 are applicable to claims made under Art. 6730. Jones County v. Moore, supra; Angelina County v. Bond, supra.

■ It would not have been necessary that the claim submitted be in any particular form, or even in writing. Neither was it required that it be for the exact amount sued for. Coryell County v. Fegette, Tex. Civ.App., 68 S.W.2d 1066, wr. dis.; Clarke v. Presidio County, 35 Tex.Civ.App. 172, 79 S.W. 593, n. w. h.; Southern Surety Co. v. McGuire, Tex.Civ.App., 275 S.W. 845, wr.ref.

Not having complied with the requirements of Art. 1573 a take-nothing judgment as to the damages was properly rendered by the trial court.

### THE INJUNCTION FEATURE

■ Appellants' cause of action, if any, is based on the liability created by the pro-

visions of Art. 6730. Since, as stated heretofore, Art. 7589a applies only to persons, firms or private corporation, such article, including the provision granting remedies both at law and in equity, is not applicable to a county. Art. 6730 provides for monetary damages only, and since the county under the facts of this case is liable, if it is, only because of a non-compliance with Art. 6730, injunctive relief of the nature here sought would not be a proper remedy. The appellants would, of necessity, under the facts before us be restricted to the remedy provided for in the statute. Nussbaum v. Bell County, 97 Tex. 86, 76 S.W. 430; City of Dallas v. Winans, Tex.Civ.App., 262 S.W.2d 256, n. w. h.

Having determined that the trial court properly rendered a take-nothing judgment, we do not find it necessary to pass on the remaining cross-assignments.

Judgment affirmed.