### ABILENE LIGHT & WATER COMPANY v. M. M. CLACK.

Decided December 4, 1909.

**1.—Receivers' Sale—Purchaser—Liability for Contract.**

In the absence of notice of such an agreement, a purchaser of a water and light plant at a receiver's sale, would not be bound by a verbal agreement on the part of the original owner of the plant to maintain and keep in repair a bridge constructed by it across a creek for the use of a private individual.

**2.—Nuisance—Flooding Land—Limitation.**

Where the structure constituting a nuisance is permanent and the injury is constant or certain to occur, then the whole damage may be recovered at once, and limitation will begin to run from the building of the structure. This rule applied to the building of a dam across a creek whereby adjacent land was flooded and damaged.

**3.—Same—Annual Compensation.**

The mere fact that the party who built a dam across a creek and flooded the land of an adjacent owner, agreed to pay and did pay such owner a certain amount annually in compensation for his damages, would not prevent the owner's cause of action from accruing when the dam was built, nor hold the statute of limitation in abeyance.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Wagstaff & Davidson,* for appellant.—The verdict of the jury and the judgment entered thereon is contrary to the law and the evidence in that the undisputed evidence shows that the dam was raised about the year 1898 by the Lytle Water Company and the property was purchased by the Abilene Light & Water Company without notice of any agreement on the part of Lytle Water Company to maintain the bridge, and the defendant did not agree to maintain the bridge, and more than six years had elapsed since the erection of the dam, and the damage occasioned by the erection of the dam was barred by limitation. Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427; Cunningham v. San Saba County, 1 Texas Civ. App., 480; Southern Pac. Ry. Co. v. Graham, 12 Texas Civ. App., 565; Sutherland v. Galveston, H. & S. A. Ry. Co., 108 S. W., 969; Hutchinson v. International & G. N. R. Co., 102 Texas, 471; Lyles v. Texas & N. O. R. Co., 73 Texas, 95; Houston Waterworks Co. v. Kennedy, 70 Texas, 233; Settegast v. Houston, O. L. & M. P. Ry., 38 Texas Civ. App., 623.

The appellant not having any knowledge of the bridge at the time he purchased the property, and not having assumed to maintain the bridge, the court erred in admitting the testimony. Abilene Cotton Oil Co. v. Anderson, 41 Texas Civ. App., 342.

*Cunningham & Oliver*, for appellee.—Evidence having disclosed that appellee's land was only occasionally flooded by backwater from the dam of appellant, and that the Lytle Water Company paid appellee $100 per year for damages occasioned by the flooding of appellee's land, until appellant bought the property in 1906, and that this suit was filed in 1908, the statute of limitation did not and could not run so as to defeat appellee's right to recover, and the court did not err in submitting that view of appellant's liability to the jury. St. Louis S. W. Ry. Co. v. Beck, 80 S. W., 538; Bonner v. Wirth, 5 Texas Civ. App., 560; Clark v. Dyer, 81 Texas, 339; Galveston & W. Ry. Co. v. Kinhead, 60 S. W., 468.

SPEER, ASSOCIATE JUSTICE.—M. M. Clack recovered judgment against the Abilene Light & Water Company for damages growing out of the maintenance of a dam across Lytle Creek, near the city of Abilene, by which water was caused to back over about ten acres of land, rendering the same wholly useless, and to recover a further sum which he was forced to expend in repairing a bridge across said creek. In addition to the general issue the defendant pleaded the statute of limitations of two years, and upon this appeal insists that the trial court should have given its requested summary instruction in view of the undisputed evidence.

With respect to the bridge, it is insisted by appellee that the Lytle Water Company, appellant's predecessor, erected the dam, and shortly thereafter, in pursuance of an agreement to do so, constructed a bridge across the creek to furnish him passage from one part of his land to another, and agreed to maintain the same; that this appellant bought the property of the Lytle Water Company in the year 1906. This agreement on the part of the Lytle Water Company was verbal. It does not at all follow from this that appellant is liable on the covenant of the Lytle Water Company to maintain the bridge. On the contrary, it is undisputed that appellant became the owner of the property of the Lytle Water Company at a receiver's sale, and had no notice whatever of its agreement with appellee concerning the maintenance of the bridge. This being true, and the appellant having in no manner voluntarily agreed to maintain the bridge, it can not be held liable for appellee's expenses in repairing it.

It remains to be seen then if in any event appellant is liable for the damages growing out of the overflow of appellee's land. The appellee thus states his contention in this respect: "In 1898 and 1899 the Lytle Water Company raised the dam about thirty-two inches higher to its present height, and the dam has been maintained at this height to the present time, and this increase in the height of the dam caused water to back over ten or twelve acres of appellee's land. The Lytle Water Company paid him one hundred dollars a year on account of this overflow and the backing of water while it owned the prop-

erty, and during the two years prior to the filing of this suit water had stood on the land from six weeks to three months during the year and part of the spring and summer; the lake is full from one to two times each year and covers this land from six weeks to six months each year; when the water goes down in the lake the water goes off the land, leaving it dry for a portion of each year, but not long enough to enable him to cultivate a crop on the land." In his testimony appellee further stated: "That when the water is not on the land it is boggy and the water rises on it; the grass will not grow on it, and the land is not worth a button, by reason of the dam being erected and raised. That this condition of affairs has been the same since Lytle Water Company raised the dam in 1898 or 1899, and since the dam was raised he has abandoned the use of it for cultivation, as it has been worthless for that purpose since said time."

As before stated, this suit was filed in 1908. Under these facts we do not think appellee was entitled to recover anything, and our conclusion is predicated, of course, upon a holding that his cause of action as to the land in controversy arose when the Lytle Water Company raised the dam to its present height, thereby submerging appellee's land. It is perfectly apparent to our minds that the dam across Lytle Creek is a permanent structure, and that upon its being raised so as to inundate appellee's land in the manner shown by his testimony, he could at once have instituted suit for his damages. If he could have sued then he ought to have done so, and if he failed, he was under the penalty of a bar by the statute of limitations. Where the structure constituting a nuisance is permanent and the injury is constant or certain to occur, then the whole damage may be recovered at once. Texas Central R. R. Co. v. Brown, 38 Texas Civ. App., 610, and authorities there cited. It is further worthy of notice that no special damages occurred during the two years immediately preceding the filing of this suit, but the conditions were identical with those existing for many years prior thereto, thus showing clearly that the real cause of action asserted in this suit accrued with the raising of the dam.

It is perhaps well to notice one further contention of appellee. It is insisted that limitations could not run, because after Lytle Water Company raised the dam to its present height it paid appellee in compensation for his damages the sum of one hundred dollars per year until it failed in business and the appellant became the owner of its property. But this does not at all follow. The mere fact that Lytle Water Company paid to appellee the sum of one hundred dollars per year damages does not at all show that his cause of action had not fully accrued when the dam was raised, or even held in abeyance the statute of limitations. There is neither pleading nor evidence to show that appellee's cause of action was merged in a contract whereby Lytle Water Company undertook to pay the sum of one hundred dollars per year, even if that would affect the question.

We see no way to avoid the conclusion that the statute has long ago barred the appellee's right to recover, and the judgment in his favor is therefore reversed and judgment here rendered for appellant.

*Reversed and rendered.*