## CITY OF TEXARKANA v. RHYNE.*

### No. 4221.

Court of Civil Appeals of Texas. Texarkana.

Sept. 24, 1932.

Rehearing Denied Nov. 17, 1932.

Travers Crumpton and Wm. Hodges, both of Texarkana, for appellant.

Elmer L. Lincoln and S. I. Robison, both of Texarkana, for appellee.

SELLERS, J.

This suit was originally filed by the appellee, Mrs. Allie Rhyne, against the appellant on the 23d day of December, 1930. The purpose of the suit was to recover damages which it was alleged were caused by the overflow of a lot owned by the appellee as a result of certain street improvements made by the city of Texarkana.

Several amended petitions were filed; the last being her third amended original petition, filed on the 10th day of November, 1931. In her last amended petition Homer Stephens and P. B. Baxter were made parties defendant.

For cause of action, she alleged in substance as follows: That she was the owner of lot No. 10 in block, No. 129 of the city of Texarkana, which was surrounded by Twelfth street on the south, Thirteenth street on the north, Texas avenue on the west, and Main street on the east.

Some time prior to the year 1929 there existed a large drainage ditch along the south side of Thirteenth street extending to and across the alley in block 129 and intersecting the east boundary line of lot No. 12 in block No. 129, at the corner of said lot, and the alley on Thirteenth street; that this ditch ran in a southwesterly direction from that point across lots 11 and 12 and into Texas avenue, and continued on in a southwesterly direction to its termination, some distance from that point.

Some time during the years 1928 and 1929, the city of Texarkana, acting by and through its legally constituted officers and agents, covered over that portion of the ditch along the south side of Thirteenth street between Main street and the corner of lot No. 12, and negligently failed to leave a sufficient opening to carry off the water which usually flowed through said ditch; that the city of Texarkana failed to leave sufficient openings, or catch-basins, in said ditch to permit the flow of water from the adjacent territory into the ditch, and thereby caused the plaintiff's property to be overflowed and damaged in the manner described in her petition.

She further alleged that, as a result of the manner in which the ditch was walled and covered over, her property was caused to overflow from ordinary rainfalls, resulting in the destruction of her shrubbery, fences, and some outbuildings.

There was located on said lot a residence used for rental purposes, and that by reason of the overflow complained of the rental value of said property had been reduced from $70 per month to not over $150 per year; that the foundation of this residence had been weakened and undermined as the result of water accumulating, washing, and standing under the same and rendered practically uninhabitable; that the damages and conditions complained of were of a recurring and continuing nature, and that it was necessary for the plaintiff to fill her lot with dirt to a depth of at least two feet, at a cost of $500; that it was necessary to raise her house and place thereunder an entirely new foundation

---

*Writ of error granted.

at a cost of $1,250; that the expenditure for filling in the lot, raising the house, laying the foundation, constituted the only means by which said lot could be reclaimed from its uninhabitable condition caused by the acts and conduct of the city of Texarkana.

She prayed for damages for the destruction of her shrubbery and some outhouses, and for the loss of rentals due to the reduced rental value of her house; also for cost of raising the house and filling the lot with dirt. The damages claimed as a result of these particular items aggregated $4,420.

The defendants Stephens and Baxter filed no answer.

The city of Texarkana answered by general and special exceptions, and general denial. The city also pleaded contributory negligence on the part of the appellee in failing to take proper precautions to minimize her damages after ascertaining that her property was subject to overflow and would be overflowed by water falling during ordinary rains.

In response to special issues, the jury found as follows:

(1) That in concreting the ditch along the south side of Thirteenth street between Texas avenue and Main street the city constructed the concrete walls closer together than were the natural banks of the original ditch.

(2) That in thus constructing the walls of the ditch the natural drainage of water through the ditch was obstructed.

(3) That the concrete covering placed by the city over the ditch was on a lower level than the original banks of the ditch.

(4) In thus covering the ditch the natural drainage was obstructed and diverted.

(5) That the city failed to leave sufficient openings for water usually flowing into and through the ditch from ordinary rainfalls.

(6) That the failure to leave sufficient openings in the walls and covering of the ditch obstructed and diverted the natural drainage therein.

(7) That plaintiff's property was caused to overflow from ordinary rainfalls as a direct result of the obstructions and diversions of the natural drainage of the ditch.

(8) That plaintiff's property was injured as a direct result of such overflows.

Other issues and answers thereto were as follows:

(9) "What, do you find from a preponderance of the evidence, is the amount of damage, if any suffered by the plaintiff to her shrubbery, subsequent to December 23, 1928, by overflows from ordinary rainfalls, as a direct result of such obstruction and diversion, if any, of the natural drainage of said ditch? Answer in Dollars and Cents. Answer: $100.00."

(12) "What, do you find from a preponderance of the evidence, is the amount of damage, if any, suffered by the plaintiff in loss of rentals of her said property, if any, subsequent to December 23, 1928, by reason of premises overflowing from ordinary rainfalls, if any, as a direct result of such obstruction and diversion, if any, of the natural drainage of said ditch? Answer in Dollars and Cents. Answer: $450.00."

(13) "What, do you find from a preponderance of the evidence, is the fair and reasonable cost to fill in plaintiff's lot with dirt to an elevation as free from overflow, if any, as before such obstruction and diversion, if any, of the natural drainage of said ditch? Answer in Dollars and Cents. Answer: $100.-00."

(14) "What, do you find from a preponderance of the evidence, is the fair and reasonable cost to raise and rebuild the foundation of plaintiff's house to an elevation as free from overflow, if any, as before such obstruction and diversion, if any, of the natural drainage of said ditch? Answer in Dollars and Cents. Answer: $350.00."

Upon those answers the court entered a judgment against the appellant, the city of Texarkana, alone, for the sum of $1,000 and costs of suit. Stephens and Baxter were dismissed from the suit, and the appellant has duly prosecuted this appeal.

Appellant's first proposition asserts that under the pleadings and evidence the nuisance or condition which caused the alleged injuries to appellee's property was permanent, and that the damages complained of were permanent and to the freehold estate, and therefore the correct legal measure of damages appellee was entitled to recover in this suit, if any, was the difference between the value of her house and lot immediately before the overflow and immediately after, and that the court erred in submitting a different measure of damages.

■ Appellant undoubtedly asserts a correct proposition of law in this state with respect to the measure of damages to be allowed in such case, but a glance at the petition of appellee upon which she went to trial will disclose that she does not assert a cause of action to the freehold estate itself, but, on the contrary, she only seeks to recover for loss of rents, shrubbery, fences, injury to buildings, and the cost of filling in her lot to prevent future overflows, etc. And the evidence offered at the trial was in reference to the damages to these various items. In such cases there seems to be a well-defined exception to the general rule which will permit a recovery for the damages to such items. The general rule and the exception is found in Texas Jurisprudence, vol. 12, § 264, p. 453, and is as follows: "If a charge is authorized by the pleading and evidence, the jury should be in-

structed to allow for permanent injuries to land and also for temporary injuries thereto. In an action for permanent injuries to realty, the charge should be to ascertain the difference between the market value of the land immediately before and immediately after the injury. Ordinarily such an instruction is properly given in case of the destruction of, or injury to, a building, a fence, sod or turf, shrubbery, timber or trees. But where no injury to the freehold is alleged, the jury may be instructed to allow the value of buildings, fences, trees, etc., destroyed, as if separated from the soil. * * *"

In our opinion, the trial court was not only authorized to submit the case as he did, but, under the pleadings and evidence, it would have been error to have submitted it under the general rule insisted upon by appellant. Houston & T. C. Ry. Co. v. Smith (Tex. Civ. App.) 46 S. W. 1046.

█ It is further insisted that, since the appellee's suit is for injuries to real estate caused by a permanent street improvement which was made by appellant more than two years prior to the filing of this suit for damages, no recovery can be had because of the two-year statute of limitation. This question has been so well settled in this state adverse to appellant's contention that we deem it unnecessary to discuss the question further than to say that we reaffirm and adopt the ruling made in the case of City of Houston v. Houston E. & W. T. Ry. Co. et al., 26 Tex. Civ. App. 228, 63 S. W. 1056.

█ Appellant by appropriate assignments complains of the court's refusal to submit to the jury its special requested issues on its defense of minimization of damages. The appellant in its answer pleaded as follows: "That if plaintiff's property was damaged as alleged by her, such damage was the direct result of her failure to exercise ordinary care for its protection against overflows after having acquired full knowledge of the surrounding physical conditions, and full notice that the opening left in the alley back of her property was insufficient, if it was insufficient, which defendant denies; that plaintiff's lot is only about fifty (50) feet wide on its East end, adjoining the alley through which the water is alleged to have flowed, that plaintiff's lot could have been fully protected from any overflow following an ordinary rainfall from said alley by the erection of an embankment, or wall, or some obstruction, at a small cost, along plaintiff's east boundary line adjoining said alley, or by placing a tile or drain into Texas Avenue, or into the ditch at the Northwest corner of her lot; that plaintiff negligently failed and refused to take any steps whatever to prevent, or reduce the damages that might be caused by water flowing onto her premises."

The appellant's witnesses testified that such a wall could have been built for the small sum of $76, and that a hole could have been cut into the large drainage ditch by two men in an hour or two.

The trouble we have in sustaining appellant's contention is that it has failed to allege and prove a complete defense to appellee's cause of action, in that there is no allegation or proof that in constructing such a wall as would divert the water from the premises of appellee there would be no damages to adjoining premises of neighbors. Nor is there allegation or proof that appellee had a right to cut a hole into the wall of the drainage ditch belonging to the city. Not having alleged and made proof of these matters, appellant's defense would be incomplete, and the court did not err in failing to submit such issue to the jury. Austin & N. W. Ry. Co. v. Anderson, 85 Tex. 88, 19 S. W. 1025.

We deem it unnecessary to discuss all appellant's propositions of error. We will state, however, that each of the propositions has been carefully considered, and we have concluded that none of them presents reversible error.

The judgment of the trial court is affirmed.

LEVY, J. (dissenting).

It was affirmatively proven, as shown in the opinion, that the city, in the purpose of regulating the flowage of water, as a public street improvement, walled and covered over with concrete a ditch. As a consequence of the negligent construction in rainfalls there was, as a constantly recurring grievance, overflowage of water upon the adjoining lot of the appellee, which would stand upon a portion of the lot and up to and under the residence thereon, interfering with the use and enjoyment, and causing actual physical injury to the property. The evidence is affirmative that the overflowage of water on the lot was not occasional, but constantly recurring in rainfalls, causing injury to the property. The street structure complained of is permanent in its nature. As the constantly recurring overflowage of water in rainfalls injuriously affects, as it does, the entire property as a unit, and not the residence or the lot separately, the measure of damages applicable, it is believed, is the depreciation in the value of the property, and not the cost of raising the grade of the lot and of the foundation of the residence. Pacific Express Co. v. Lasker Real-Estate Ass'n, 81 Tex. 81, 16 S. W. 792; Rosenthal v. Taylor, B. & H. Rwy., 79 Tex. 325, 15 S. W. 268; Galveston, H. & S. A. Ry. v. Becht (Tex. Civ. App.) 21 S. W. 971; Denison & P. S. Ry. Co. v. O'Maley (Tex. Civ. App.) 45 S. W. 227; City of Paris v. Allred, 17 Tex. Civ. App. 125, 43 S. W. 62; 40 Cyc. p. 589; 27 R. C. L. § 51, p. 1122.