**Oley E. ATTEBERY, Appellant,**

v.

**Colleen SUTHERLAND et vir, Appellees.**

**No. 15578.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 26, 1960.

Rehearing Denied March 25, 1960.

---

Brewster, Pannell, Leeton & Dean, Fort Worth, for appellant.

Clyde & Barnes, Fort Worth, for appellees.

DIXON, Chief Justice.

This suit seeking a change in custody of an eight year old girl, was brought by Colleen Sutherland and her husband, Spurgeon Sutherland, against Oley E. Attebery. Colleen Sutherland and Oley E. Attebery were formerly husband and wife. They were divorced in 1953. The custody of their child was awarded to the father.

In the present suit judgment was rendered changing the custody from the father to the mother, but with this provision: "* * * so long as she is married to the

plaintiff Spurgeon Sutherland, and living with him in a mutual state of happiness."

■ Appellant filed a supersedeas bond, but the record shows that both the trial court and this court overruled motions to suspend the judgment pending appeal. Consequently the filing of the supersedeas bond did not have the effect of suspending the judgment. Rule 364(f), Texas Rules of Civil Procedure. The child has been in the custody of her mother since the judgment was rendered.

In his first five points on appeal appellant says that (1) there is no evidence, or (2) there is insufficient evidence to establish that there has been such a material change of conditions since the rendition of the divorce November 28, 1953 as would make it to the best interest of the child to change her custody; (3) the judgment is against the overwhelming weight and preponderance of the evidence; (4) there was no evidence and (5) there was insufficient evidence to establish that a change of custody would be a positive improvement for the child.

Though we shall strive for brevity, the nature of the above points requires us to give a careful study to the testimony of more than thirty witnesses in a statement of facts 440 pages in length.

### Facts.

Appellee Colleen Sutherland, thirty-five years of age at the time of the trial, has been married four times. Her first marriage lasted ten years, but ended in divorce in 1950. There were two children of this marriage born in 1941 and 1942. They were at first awarded to their mother, but later they were placed in the custody of their father, and after his death in the custody of his sister. There is testimony that these two children, girls, now practically grown, are frequent visitors in the home of appellees, especially during school vacation periods. Colleen Sutherland testified that their custody was changed to their father because she, their mother, had married Oley E. Attebery and was about to move to Washington, D. C., and because Oley E. Attebery had adopted a hostile attitude toward the two girls.

Her second marriage, in June 1951, was to appellant Oley E. Attebery, an airplane pilot. They separated December 20, 1952. Colleen filed suit for divorce April 15, 1953. The final divorce and custody judgment was entered November 28, 1953. One child had been born to them, the little girl who is the subject of this custody suit. The Judge in granting the divorce in 1953 at first announced that custody of the child would be awarded to the mother. But after considerable negotiations between the parties, the final judgment awarded the child to the father, apparently by agreement.

Before the final divorce judgment was entered in 1953 appellant Oley E. Attebery employed a private detective to investigate the conduct of Colleen Attebery. The detective submitted a written report of his interviews with two persons who, according to the report, told of serious misconduct on the part of Colleen Attebery after her separation from Oley E. Attebery. Appellant Oley E. Attebery says that Colleen agreed for him to have custody of the child rather than face the testimony of these two persons.

Neither the detective nor the two persons testified at the 1953 trial or at this trial. One of the two persons is now in a mental institution. The written report was introduced in evidence at the 1958 custody trial for the limited purpose of corroborating appellant Oley E. Attebery's testimony about the pressure which was brought to bear at the 1953 divorce trial to induce Colleen to agree that he should have custody of the child. The report cannot be accepted as any evidence at all of the truth of the statements it contains, for it heaps hearsay upon hearsay. It tells what the detective said that the two persons said about Colleen.

A short time after her second divorce Colleen married an army sergeant, who left almost immediately for overseas duty, according to Colleen, before the marriage relationship was ever really consummated. She testified that she did not love the man and married him only because she had been promised custody of her child if she married again and established a home. The sergeant returned after a year and a half but they did not live together. She says that sometime later he informed her that he had obtained a divorce.

Appellant Oley E. Attebery testified that at the time of their divorce he told Colleen that if she established a good home, and showed a great deal of interest in their daughter, and it appeared to the daughter's best interest, he would consider Colleen's having custody of the child. This is borne out by a letter written by appellant Oley E. Attebery on December 31, 1953, from which we quote:

"As for your taking the baby and keeping her, I suggest first you work a few months at your marriage. I am sure that you both are convinced or you wouldn't be getting married. However, I can't be sure. He may be a prince of a fellow, but he still enjoys all of the insecurity of being in the armed services. I was in the service too long not to know how unstable the life itself is. It is best that we leave things as they are and see how they go."

Colleen's fourth marriage took place April 18, 1956 to Spurgeon Sutherland, thirty-three years of age, her present husband. He had been married once before, the marriage ending in divorce. He is a graduate of Texas Christian University, and for seven years has been employed by Chance-Vought where at the time of trial he was in charge of engineering effort on Regulus missile. He makes a salary of $1,120 per month. They have a good home and a happy married life. Following the mother's marriage to Spurgeon Sutherland,

a visitation schedule was worked out by agreement of the parties, and the child was a frequent visitor in the present home of her mother.

At the 1958 custody hearing nineteen witnesses testified in behalf of appellees Colleen and Spurgeon Sutherland. Seven of these witnesses testified that they had known Colleen, worked with her, and lived with her prior to her divorce from Attebery, and that she was of good moral character and loved her child and took care of her. Eight witnesses testified that they knew both Colleen and her husband Spurgeon Sutherland, had observed their love for the child as well as their relationship with Colleen's two older daughters, and that both of appellees are of good moral character and enjoy good reputations in the community. Colleen's two older daughters, Marcia and Lana Ward also testified that because of their school activities and friends in Hearne, Texas, they want to finish school there; but they love Mother and Daddy (Spurgeon Sutherland). Plans are being discussed for their college education, possibly at Texas Christian University, which Mr. Sutherland attended.

Appellant Oley E. Attebery, thirty-seven years of age at time of the trial, has also been married four times. His last marriage April 14, 1956 was to Pat Attebery, twenty-seven years of age, who is his present wife. They have two children, a girl born in 1957 and a boy born in 1958. The evidence shows them to be of good moral character and reputation and active in community and church affairs in Farmers Branch, Texas, where their home is located. We shall not discuss at length the testimony in regard to appellant, for it is the sufficiency of the evidence in regard to appellees which has been challenged on this appeal.

The trial court made extensive findings of fact and conclusions of law, which are too lengthy to copy in full. The court found that material changes in conditions

had occurred since custody of the child in question had been awarded to appellant Oley E. Attebery; that both appellant and appellees are fit persons to have her care and custody; but that the best interests of the child will be served by changing her custody from her father to her mother and her mother's present husband.

### Opinion.

It is well established as the law of this State that if an award of child custody is made in a divorce suit, custody will not thereafter be changed except upon a showing of changed conditions since the award was made, and not then unless the evidence supports a finding that it is for the best interest of the child for custody to be changed. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. The decision rests within the sound discretion of the trial court and will not be disturbed on appeal except on a showing of abuse of discretion. Valentine v. Valentine, Tex.Civ.App. 1947, 203 S.W.2d 293.

The trial judge in this case has shown by his findings of fact and conclusions of law that he was well aware of the legal principles which should have, and we believe did, guide him in reaching his decision. It is plain also that the judge gave thoughtful consideration to the evidence which was presented to him. Under the circumstances shown by the record we cannot say that the court abused its discretion in changing the custody of this child from her father to her mother. Appellant's first five points on appeal are overruled.

In his sixth and seventh points appellant asserts that the court's findings do not support the change of custody, and the court erred in finding that the best interests of the child will be served by a change of custody. These points were covered in our discussion of the first five points and we see no need to amplify our discussion. The sixth and seventh points are overruled.

In his eighth point appellant complains of the court's finding "that an effort had been made by appellant and his wife to wean the child's love away from its own mother." There was some evidence in support of the finding. Appellant vigorously denied making any such effort. The question was for the trial judge as trier of the facts. Anyway the matter is not decisive of the judgment or of this appeal. The eight point is overruled.

Appellant in his ninth point alleges that the trial court erred in finding that Colleen and Spurgeon Sutherland were "legally married", since there was no competent evidence that Colleen and her third husband, the army sergeant, were ever legally divorced. Colleen testified that they were divorced, having been so notified by the sergeant himself. She admitted she had not seen a copy of the decree. However the matter of her divorce from the sergeant was not made an issue in this case. All seven divorces, the three of appellant Oley E. Attebery, the three of appellee Colleen Sutherland, and the one of Spurgeon Sutherland, were brought out in the evidence as background facts developed from the oral testimony of the parties. None of the parties offered the originals or certified copies of their divorce decrees. The ninth point is overruled.

Appellant listed a tenth point but his brief contains no statement or argument concerning it so we shall forego any discussion of it.

The judgment of the trial court is affirmed.